UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23 CR 323 |
| v. | |
| NIKKO D'AMBROSIO | Hon. Elaine E. Bucklo |

## AGREED JURY INSTRUCTIONS AND VERDICT FORM

The UNITED STATES OF AMERICA, through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby submits the following set of proposed jury instructions.[1] The government has identified instructions with "Pretrial," "Pretrial and Post-trial," and "Post-trial" at which the government believes each instruction is warranted.

Respectfully submitted,

MORRIS PASQUAL

By: */s/ Richard M. Rothblatt*
RICHARD M. ROTHBLATT
BRANDON D. STONE
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 6004
(312) 353-5300

---

[1] The government has conferred with defense counsel. At this point, each of the proposed jury instructions are agreed.

Ladies and gentlemen: You are now the jury in this case. I would like to take a few minutes to describe your duties as jurors and to give you instructions concerning the case.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. Each of you will have a copy of the instructions that I give you at the end of the case.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1 (Pretrial)
Seventh Circuit Committee (2022) p.6-7 Functions of Court and Jury

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant Nikko D'Ambrosio committed the crimes of making or causing to be made false statements in his personal income tax returns. The defendant has pleaded not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.8 The Charge and 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.9  Presumption of Innocence/Burden of Proof and 1.03

You may consider only the evidence that you see and hear in court. You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and any facts to which the parties stipulate. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection to a question a lawyer asks, you must not speculate on what the answer might have been. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

GOVERNMENT INSTRUCTION NO. 4 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.10 The Evidence and 2.01

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Circumstantial evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 5 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.12 Direct and Circumstantial Evidence and 2.03
Government Proposed Modification of "Indirect" to "Circumstantial" in Paragraph 2.

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 6 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.13 Considering the Evidence and 2.02

Part of your job as jurors will be to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

GOVERNMENT INSTRUCTION NO. 7 (Pretrial)
Seventh Circuit Committee (2022) p.14 Credibility of Witnesses

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.

What is important is how believable the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 8 (Pretrial and Post-trial)
Seventh Circuit Committee (2022) p.15 Number of Witnesses and 2.04

You will be permitted to take notes during the trial. If you take notes, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 9 (Pretrial)
Seventh Circuit Committee (2022) p.16 ("Juror Note-Taking")

Before we begin the trial, I want to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented during the trial. For this reason, and to ensure fairness to both sides in this case, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in this case.

1.      You must not discuss the case, including anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2.      You must not communicate with anyone else about this case, including anyone who is involved in the case, until after you have returned your verdict.

3.      When you are not in the courtroom, you must not allow anyone to communicate with you about the case or give you any information about the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case or someone who is involved in the case, or if you overhear or learn any information about the case or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4.      You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with them about the case or anyone who is involved in the case until after you have returned your verdict.

5.      All of the information that you will need to decide the case will be presented here in court. You may not look up, obtain, or consider information from any outside source.

There are two reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, I am referring to any and all means by which people communicate or obtain information. This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a cell phone, smart phone, or similar device,

computer, the Internet, text messaging, chat rooms, blogs, social networking websites, or any other form of communication at all. If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

GOVERNMENT INSTRUCTION NO. 10 (Pretrial)
Seventh Circuit Committee (2022) p.17-18 ("Juror Conduct")

We are now ready to begin the trial. The trial will proceed in the following manner:

First, each side's attorneys may make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorneys expect the evidence will show.

After the opening statements, you will hear the evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case. After that, you will go to the jury room to deliberate on your verdict.

GOVERNMENT INSTRUCTION NO. 11 (Pretrial)
Seventh Circuit Committee (2022) p.19 ("Conduct of the Trial")

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 12 (Post-Trial)
Seventh Circuit Committee (2022) 1.0

[A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. 13 (Post-trial)
Seventh Circuit Committee (2022) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [,including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 14 (Post-trial)
Seventh Circuit Committee (2022) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 15 (Post-trial)
Seventh Circuit Committee (2022) 3.02

You have heard testimony that the defendant made a statement to law enforcement officials with the Internal Revenue Service.   You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement.   In making these decisions, should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

GOVERNMENT INSTRUCTION NO. 16 (Post-trial)
Seventh Circuit Committee (2022) 3.09

You have heard a witness, namely, Internal Revenue Service Revenue Agent Rehman ("Rey") Shami, who gave opinions and testimony about tax deficiency calculations. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

GOVERNMENT INSTRUCTION NO. 17 (Post-Trial)
Seventh Circuit Committee (2022) 3.13

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

The underlying documents have also been admitted in evidence so that you may determine whether the summaries are accurate.

GOVERNMENT INSTRUCTION NO. 18 (Post-trial)
Seventh Circuit Committee (2022) 3.16

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

GOVERNMENT INSTRUCTION NO. 18 (Post-trial)
Seventh Circuit Committee (2022) 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 19 (Post Trial)
Seventh Circuit Committee (2022) 3.18

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 20 (Post-trial)
Seventh Circuit Committee (2022) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. 21 (Post-trial)
Seventh Circuit Committee (2022) 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 22 (Post-trial)
Seventh Circuit Committee (2022) 4.08

Counts One and Two of the indictment charge the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1.    The defendant prepared an income tax return or caused someone to prepare an income tax return; and

2.    The income tax return was false as to a material matter, as charged in the Count; and

3.    The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4.    The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5.    The defendant filed or caused someone to file the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 23 (Post-trial)
Seventh Circuit Committee (2022) at 1061-62, 26 U.S.C. § 7206(1) Elements

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service or had the potential for hindering the Internal Revenue Service's efforts to monitor and verify the tax liability of the taxpayer. A charge of filing a false tax return does not require proof of a tax deficiency.

GOVERNMENT INSTRUCTION NO. 24 (Post-trial)
Seventh Circuit Committee (2022) at 1062, 26 U.S.C. § 7206(1), committee comment
Seventh Circuit Committee (2022) at 1066, 26 U.S.C. § 7206, materiality
*United States v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998)
*United States v. Pree*, 405 F.3d 855, 873 (7th Cir. 2005)
*United States v. Pansier*, 576 F.3d 726, 736 (7th Cir. 2009

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Twitter, Instagram, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 25 (Post-trial)
Seventh Circuit Committee (2022) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

GOVERNMENT INSTRUCTION NO. 26 (Post-trial)
Seventh Circuit Committee (2022) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 27 (Post-trial)
Seventh Circuit Committee (2022) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23 CR 323 |
| v. | |
| NIKKO D'AMBROSIO | Hon. Elaine E. Bucklo |

## <u>PROPOSED VERDICT FORM</u>

**COUNT ONE (False Statements in Tax Filing):**

With respect to COUNT ONE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____          GUILTY _____


**COUNT TWO (False Statements in Tax Filing):**

With respect to COUNT TWO of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____          GUILTY _____