IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 CR 323 |
| v. | ) | |
| | ) | Honorable Elaine E. Bucklo |
| NIKKO D'AMBROSIO, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S CONSOLIDATED MOTIONS IN LIMINE

Defendant, **NIKKO D'AMBROSIO**, by and through his attorneys, **RALPH E. MECZYK** and **CHRISTOPHER T. GROHMAN**, respectfully submits the following consolidated motions in limine. In support, Mr. D'Ambrosio, through counsel, states as follows:

I. **Brief Factual Background**

Defendant has been charged with two counts of willfully making and subscribing false federal tax returns in violation of title 26, Section 7206(1). R. 1. Count One relates to Defendant's 1040 return for tax year 2019 (filed in 2020) and Count Two relates to Defendant's 1040 return for tax year 2020 (filed in 2021). Both counts allege that Defendant, who was self-employed, overinflated his expenses (mileage, entertainment, etc.) and included false charitable deductions. *Id.*

Defendant believes that the evidence at trial will show that Defendant was self-employed as a driver who assisted a business that owned and operated "pull tab" gambling machines in the greater Chicagoland area. *See* https://tax.illinois.gov/research/taxinformation/charitygaming/pulltab.html. Defendant's company was paid by the pull-tab company as a 1099 contractor.

II. Argument

### A. Motion to Bar Argument or Comment Related to the Chicago Outfit, Mafia, or the Like

It has been bandied about during the investigation that the pull tab machine company is owned by whatever might remain left of the Chicago Outfit. Mr. D'Ambrosio has never before been arrested and he is not a member of any criminal syndicate, nor has the government presented any evidence in discovery alleging so. Further, any reference to this is so far afield of the charges in this case that FRE 403 forbids it. As such, Defendant moves to bar any reference to organized crime.

### B. Motion to Bar Argument Concerning the Legality or Lack Thereof of Pull-Tab Gaming

For some reason, the Illinois legislature has passed the Illinois Pull Tabs and Jar Games Act, 230 ILCS 20/1 et seq. Thus, the government should be forbidden from commenting on the legality or lack thereof of this industry or Defendant's involvement in it. Moreover, given that this case involves solely

2

taking false deductions on tax returns, the industry Defendant is in is irrelevant.

### C. Motion to Bar Argument Related to Defendant's Spending and Financial Condition Unrelated to the Charged Offenses

Obviously, since Defendant's tax returns listed certain business expenses and charitable deductions on his tax returns, his spending in these areas is relevant. It will be the government's argument that he did not drive the distances listed on his tax returns and did not actually pay for the business expenses or make the charitable donations listed on the tax returns. However, his spending in other areas – personal items, cars, luxury items, home goods and the like, which are unrelated to the alleged fake deductions – is irrelevant. As such, Defendant asks the court to order in limine that the government be confined to presenting evidence related solely to the areas the government claims are fake deductions and be barred from exploring Defendant's other spending. *See Laidlaw v. Sage*, 158 N.Y. 73, 52 N.E. 679, 690 (1899) ("It has ever been the theory of our government, and a cardinal principle of our jurisprudence, that the rich and poor stand alike in courts of justice, and that neither the wealth of the one nor the poverty of the other shall be permitted to affect the administration of the law. Evidence of the wealth of a party is never admissible, directly or otherwise, unless in those exceptional cases where position or wealth is necessarily involved in determining the damages

3

sustained. As to this general proposition there can be no doubt, and no authorities need be cited.).

### D. Motion to Cross Examine Witness Nicholas Dacanay Pursuant to FRE 611

Witness Nicholas Dacanay is an employee of the Internal Revenue Service and the third-cousin (or something like that) of Defendant. He has been interviewed by federal agents and served a trial subpoena by the government. Mr. Dacanay alleged in his statements with agents that he aided Defendant in preparing certain schedules on his taxes, but all of the information came from Defendant. Ultimately, Mr. Dacanay referred Defendant to an accountant to actually file the taxes. Defendant contends that email traffic between Mr. Dacanay and Defendant belie Mr. Dacanay's account of events and clearly show that Mr. Dacanay prepared Defendant's full set of taxes returns for 2019 and 2020 with limited input from Defendant.

At this juncture, the government has indicated that it is unlikely to call Mr. Dacanay as a witness.

Fed. R. Evid. 611 states as follows:

(c) **Leading Questions.** Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:

   (1) on cross-examination; and

   (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

4

Here, the Court should allow Defendant to ask leading questions of Dacanay under subsection (c)(2) for two reasons: first, he is "identified with an adverse party." Dacanay is an employee of the Internal Revenue Service, the same agency as the assigned criminal case agent in this case. Second, given that Mr. Dacanay has disclaimed responsibility for any involvement in the nefarious tax deduction scam, he is a hostile witness. *United States v. Santos*, 201 F.2d 953 (7th Cir. 2000); *United States v. Scroggins*, 939 F.2d 416, 420–21 (7th Cir. 1991).

November 28, 2023                     Respectfully submitted,

By: */s/ Christopher T. Grohman*
CHRISTOPHER T. GROHMAN
Benesch Friedlander Coplan and Aronoff
71 S. Wacker Dr. Suite 1600
Chicago, Illinois 60601
Phone: (312) 212-4943
Email: cgrohman@beneschlaw.com

RALPH MECZYK
*Attorneys for Nikko D'Ambrosio*