UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKKO D'AMBROSIO | No. 23 CR 323<br><br>Hon. Elaine Bucklo |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, through its attorney MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this Response to Defendant's Consolidated Motions *in Limine* (Dkt. 41).

**Argument**

**I.      Defendant's First, Second, and Fourth Motions *in Limine* are Moot.**

Defendant moves under Federal Rule of Evidence 403 to preclude the government from making "any reference to organized crime" or the Chicago Outfit at trial. Dkt. 41 at 2. Defendant also moves (presumably under Rule 403) to bar the government from arguing the legality of defendant's industry of employment, which, is electronic "sweepstakes" machines. *See id.* at 3 (arguing that the Court should preclude the government from "commenting on the legality or lack thereof of this industry or Defendant's involvement in it.").

The government will not present evidence or argument at trial explicitly referencing (1) defendant's association with the Chicago Outfit or organized crime, or (2) challenging the legality of the sweepstakes industry, unless defendant himself

opens the door to such issues. *United States v. Schmitt*, 770 F.3d 524, 536 (7th Cir. 2014) ("A defendant 'opens the door' to otherwise inadmissible evidence when he affirmatively and 'genuinely place[s] at issue the specific matter that the evidence is being offered to establish.'") (quoting *United States v. Lee,* 724 F.3d 968, 977 (7th Cir. 2013)). Accordingly, defendant's motions should be denied as moot.

In addition, the Court should deny defendant's motion to examine Nicholas Dacanay as a hostile witness under Rule 611. Dkt. 41 at 4-5. The government intends to call Mr. Dacanay during its case-in-chief. As such, defendant will be free to cross examine Mr. Dacanay at trial, and there is no need for the Court to determine whether Mr. Dacanay is a hostile witness or witness identified with an adverse party. Defendant's motion should therefore be denied as moot.

## II. The Court Should Deny Defendant's Motion to Exclude Evidence of Defendant's Spending on Items Other Than Business Meals.

Defendant moves to exclude as irrelevant evidence of defendant's "spending in other areas – personal items, cars, luxury items, home goods and the like, which are unrelated to the alleged fake deductions." Dkt. 41 at 3-4. The Court should deny defendant's motion. The charges in this case relate to false statements in tax filings, specifically, as it relates to certain claimed expenses and charitable contributions. Defendant's spending on items other than those directly tied to the claimed expenses and charitable contributions is probative of the falsity of the tax returns, defendant's knowledge of the falsity of those returns, and defendant's willfulness in causing the filing false returns. Moreover, the government's presentation will involve limited evidence of the nature of the expenditures

2

primarily to highlight that they were not related to the meal expenses defendant claimed.

The indictment charges defendant with two counts of filing false tax returns, in violation of 26 U.S.C. 7206(1). Dkt. 1. At trial, the government must prove that defendant "(1) made or subscribed to a federal tax return which he verified as true; (2) the return was false as to a material matter; (3) the defendant signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under the penalty of perjury." *United States v. Presbitero,* 569 F.3d 691, 700 (7th Cir. 2009). Here, evidence of defendant's spending on items unrelated to his claimed tax deductions is relevant to the elements of falsity and willfulness. To the extent that there is any prejudice that arises from such evidence, it will not substantially outweigh the probative value of such evidence.

First, defendant's spending habits are relevant to the falsity of his claimed tax deductions and his knowledge of their falsity. At trial, the government plans to present evidence that defendant knowingly claimed false tax deductions. Those false tax deductions include, among others: (1) a $32,094 tax deduction based on a claimed $64,189 spent in 2019 on eligible business meal expenses; and (2) a $99,806 tax deduction based on a claimed $199,612 spent in 2020 on eligible business meal expenses. *See* Dkt. 42 at 4-5 (describing defendant's claimed 2019 and 2020 tax deductions in further detail). The government intends to prove that the above deductions were false, and that defendant knew they were false, by introducing,

3

among other items, defendant's financial records—namely, bank and credit card records—showing that he never incurred the above claimed business meal expenses. These records will necessarily reflect the other items that defendant spent his money on. Courts routinely admit evidence of spending habits to prove falsity and knowledge of falsity in § 7206(1) prosecutions. *See, e.g., United States v. Griffin*, 524 F.3d 71, 82 (1st Cir. 2008) (holding that "the testimony regarding Griffin's spending habits was highly probative as to whether Griffin's tax returns, which reported annual incomes of less than $20,000, were false"); *United States v. Shrum*, 655 F.3d 782, 786 (8th Cir. 2011) ("Shrum's casino activities were clear evidence that he personally spent a substantial portion of [his business's] reported income on expenditures that were not reportable as [his business's] costs of goods sold."); *see also United States v. Mendoza*, 382 F. App'x 507, 510 (7th Cir. 2010) (finding no error where prosecutors presented evidence of personal spending that contradicted the defendant's claimed income).

Second, records and testimony reflecting defendant's spending habits are probative of his willfulness in filing the false tax returns—especially where, as here, the evidence will show that defendant provided his tax preparer with false information to support his claimed deductions. *See United States v. Powell*, 576 F.3d 482, 495 (7th Cir. 2009) (noting that the "[f]ailure to supply an accountant with accurate information is evidence of willfulness"). Moreover, it is well established that "lifestyle or spending habit evidence may be relevant to prove willfulness to commit tax fraud." *United States v. Williams*, No. CR 20-55, 2021 WL 7711265, at

*15 (E.D. La. Dec. 16, 2021), *aff'd,* 30 F.4th 263 (5th Cir. 2022). The Seventh Circuit has endorsed the use of evidence showing personal expenditures as "probative of willfulness, an element of the charged offense." *United States v. Ellis*, 548 F.3d 539, 542 (7th Cir. 2008). And despite defendant's claims to the contrary, the government does not plan to present any evidence to the jury of "lavish" or "excessive" spending that might unfairly prejudice the defendant, in violation of Rule 403. Instead, the government will summarize information from the bank account and credit card records and highlight certain instances where it is clear that the credit card expenditures were not related to meal expenses.

In sum, evidence and testimony showing defendant's spending during the years 2019 and 2020 are highly relevant to the elements of the offense. Thus, the Court should deny defendant's motion seeking their exclusion.

## Conclusion

For the reasons set forth above, the government requests that the Court (1) deny defendant's motion regarding the mention of organized crime or the Chicago Outfit as moot; (2) deny defendant's motion regarding the cross examination of Nicholas Dacanay as moot; and (3) deny defendant's motion to exclude evidence and testimony regarding defendant's spending habits.

Date: January 3, 2024          Respectfully submitted,

                                            MORRIS PASQUAL
                                            Acting United States Attorney

                              By:   */s/ Brandon D. Stone*
                                       Brandon D. Stone
                                       Richard M. Rothblatt

Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300