UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23 CR 323 |
| v. | Judge Thomas M. Durkin |
| NIKKO D'AMBROSIO, | |
| Defendant. | |

**ORDER**

Defendant Nikko D'Ambrosio proffers Dr. Steven Farmilant as an expert witness under Federal Rule of Evidence 702. Dr. Farmilant is a licensed clinical and forensic psychologist, and he conducted a forensic psychological evaluation of the defendant. R. 44. Defendant intends to offer Dr. Farmilant's opinion, based on information gathered in the psychological evaluation, that: (1) the defendant meets the diagnostic criteria for Mild Neurocognitive Disorder; (2A) people with such a disorder have trouble processing numbers; and, (2B) as such, should the defendant have read his tax returns, it would not have been immediately obvious to him that they were completely bogus. R. 58 at p. 4. At issue is whether Part 2B of Dr. Farmilant's opinion is admissible under Federal Rule of Evidence 704(b). The Court finds that Part 2B is not admissible for the reasons that follow.[1]

---

[1] The Court reserves ruling for trial as to whether the remainder of Dr. Farmilant's testimony will be admissible, specifically as to relevance.

1

**Discussion**

Defendant has been charged with making false statements in his individual tax returns. Defendant's position, per arguments of counsel, is that his cousin filled out the tax returns that included false statements, and that defendant approved the returns without knowing them to be false. Defendant intends to offer Dr. Farmilant's opinion that when defendant approved the tax returns, it would not have been immediately obvious to him that the returns contained false information. That defendant acted willfully is an element the government must prove at trial, and to show willfulness, the government must prove that "when [defendant] signed the [tax] return, he did not believe that it was truthful as to a material matter." R. 34 at p. 26 (Agreed Jury Instructions); *see also* 26 U.S.C. § 7206(1). Dr. Farmilant's testimony that the falsity of the tax returns would not have been obvious to defendant goes directly to defendant's state of mind, which constitutes the element of willfulness.

Under Federal Rule of Evidence 704(b), an expert witness in a criminal case "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." Fed. R. Evid. 704; *see also United States v. Owens*, 301 F.3d 521, 526 (7th Cir. 2002) ("Rule 704 allows testimony regarding an ultimate issue except when that ultimate issue concerns the defendant's mental state or condition and that issue constitutes an element or defense of the crime charged."). In *United States v. Bennett*, 161 F.3d 171 (3d Cir. 1998), the appellate court found that the district court properly excluded expert testimony regarding whether the defendant's mental disorders made it "unlikely that he could form the intent to defraud" or "affect[ed] his ability to knowingly and willfully submit

2

false statements to the I.R.S." *Bennett*, 161 F.3d at 183. The court found: "These questions go beyond merely assisting the jury, explaining the nature of [the defendant's] mental disease, or describing the typical effect of [the defendant's] disorders on his mental state. Instead, they require the expert witness to state expressly whether [the defendant] possessed the requisite intent to commit the crimes charged in the indictment." *Id.* Because Part 2B of Dr. Farmilant's testimony states an opinion as to the element of willfulness, the Court finds that Dr. Farmilant may not testify as to Part 2B of his opinion.[2]

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 11, 2024

---

[2] Though the Court reserves ruling as to the admissibility of the remainder of Dr. Farmilant's testimony, the Court finds that Federal Rule of Evidence 704(b) does not exclude Dr. Farmilant's opinion that (1) the defendant meets the diagnostic criteria for Mild Neurocognitive Disorder; and (2A) people with such a disorder have trouble processing numbers. Though these parts of Dr. Farmilant's opinion may support an inference that the defendant lacked the requisite state of mind, they do not speak directly to state of mind and are thus permissible under Rule 704(b). *See United States v. Tingle*, 880 F.3d 850, 854–55 (7th Cir. 2018) (Although the expert testimony cannot "speak directly" to mental state, "[c]ircumstantial evidence regarding a criminal defendant's state of mind . . . is admissible."); *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir.1997) (Expert testimony is admissible if it merely "support[s] an inference or conclusion that the defendant did or did not have the requisite *mens rea*, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony.").

3