IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 CR 323 |
| v. | ) | |
| | ) | Honorable Thomas Durkin |
| NIKKO D'AMBROSIO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S CONSOLIDATED MOTIONS IN LIMINE

Defendant, **NIKKO D'AMBROSIO**, by and through his attorneys, **RYAN LEVITT** and **CHRISTOPHER T. GROHMAN**, respectfully moves this Court, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, for the entry of an order granting a judgment of acquittal or, in the alternative, a new trial. In support of these motions, Defendant through counsel, states as follows:

I. Brief Factual Background

Defendant was convicted after a jury trial of two counts of willfully making and subscribing false federal tax returns in violation of title 26, Section 7206(1). R. 1. Count One related to Defendant's 1040 return for tax year 2019 (filed in 2020) and Count Two related to Defendant's 1040 return for tax year 2020 (filed in 2021). Both counts alleged that Defendant, who was self-

employed, overinflated his expenses (mileage, entertainment, etc.) and included false charitable deductions. *Id.*

## II. Applicable Law

### i. Rule 29

Rule 29 of the Federal Rules of Criminal Procedure states that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. To prevail on a Rule 29 motion, the defendant need not establish that no evidence at all supports the conviction, but rather that the evidence cannot support a finding of guilt beyond a reasonable doubt. *United States v. Mojica*, 185 F.3d 780, 789 (7th Cir. 1999); *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994); *see also Jackson v. Virginia*, 443 U.S. 307, 320 (1979) ("[I]t could not seriously be argued that . . . a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt.").

### ii. Rule 33

A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant is entitled to a new trial if there is a reasonable possibility that an error at trial had a prejudicial effect upon the jury's verdict. *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996). This Court is afforded wide discretion in making that determination. *United States v. Gillaum*, 372 F.3d 848, 857 (7th Cir. 2004).

### III. Argument

"A Rule 29 motion calls on the court to distinguish between reasonable inferences and speculation." *United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013). "Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." *Id.* "Each step in the inferential chain must be supported by evidence that allows the jury to draw reasonable inferences from basic facts to ultimate facts." *Id.* In the instant case, the jury's guilty verdict runs afoul of these principles as the evidence of Mr. D'Ambrosio's innocence was at least as strong, if not more so, as the evidence of his guilt, and therefore, the jury's verdict cannot stand.

Regarding equally balanced evidence, the Seventh Circuit has explained that "[w]here the evidence as to an element of a crime is equally consistent with a theory of innocence as a theory of guilt, that evidence necessarily fails to establish guilt beyond a reasonable doubt." *United States v. Harris,* 942 F.2d 1125, 1130 (7th Cir. 1991) citing *United States v. Delay,* 440 F.2d 556, 568 (7th Cir. 1971). Indeed, the Seventh Circuit Pattern Criminal Jury Instructions caution against allowing a jury to infer knowledge to a criminal defendant based merely on the defendant's suspicion that he may have been involved in criminal activity. *See* 7th Cir. P. Crim. Inst. 4.10 (2020). To allow such an inference, there must be evidence that a defendant not only believed there was

3

a high probability a fact existed, but also take he took deliberate actions to avoid learning of the fact. *Id.* citing *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 769 (2011).

In this case, at the very least, the evidence on the subject of Mr. D'Ambrosio's knowledge is equally balanced, and the Court can enter a judgment of acquittal under Rule 29. Mr. D'Ambrosio's defense was that his cousin, an IRS employee, MBA and CPA, who admitted to preparing the schedules on Mr. D'Ambrosio's tax returns, was the person who phonied up the deductions with Mr. D'Ambrosio's knowledge. Despite his experience and education, Mr. Dacanay testified that he merely accepted the numbers provided by D'Ambrosio as true, without realizing that the mileage given was enough to drive to the moon and back twice and the expenses for meals required eating out at Le Circ twice a day for a year. This testimony was implausible. While it may be plausible that these two were in on it together, that was not the theory advanced by the government at trial and thus cannot be a basis for a conviction, and thus this Court should grant Defendant's Rule 29 motion, or at a minimum, order a new trial pursuant to Rule 33. *See Yates v. United States*, 354 U.S. 298 (1957) *Ciminelli v. United States*, 598 U.S. 306 (2023); *McCormick v. United States*, 500 U.S. 257 (1991) ("Justice STEVENS apparently refuses to recognize that the Court of Appeals affirmed McCormick's conviction on legal and factual theories never tried before the

4

jury. As indicated above, for that reason alone, and without dealing with the Court of Appeals' other errors, the judgment must be reversed.")

## IV. Conclusion

The Court should grant Defendant's motion for judgment or acquittal or in the alternative for a new trial.

February 28, 2024  Respectfully submitted,

By: */s/ Christopher T. Grohman*
CHRISTOPHER T. GROHMAN
RYAN LEVITT
Benesch Friedlander Coplan and Aronoff
71 S. Wacker Dr. Suite 1600
Chicago, Illinois 60601
Phone: (312) 212-4943
Email: cgrohman@beneschlaw.com